UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| JAMES KLINE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-104-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JAILER JAMES DALEY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Proceeding without an attorney, Plaintiff James Kline Myers previously filed a civil complaint against officials at the Campbell County Detention Center in Newport, Kentucky. [R. 1.] Although his claims were not entirely clear, from what the Court was able to ascertain, his complaint appeared to be based on allegations that he did not receive adequate medical care related to his teeth while he was incarcerated at the Campbell County Detention Center. He also alleged that he did not receive a sufficient "soft" diet and referred to a bottle of prescription shampoo for which he claims that he was charged but did not receive. [R. 1.]

However, Myers's complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure, as it did not contain "a short and plain statement of the claim" showing entitlement to relief, *see* Fed. R. Civ. P. 8(a)(2), nor allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Moreover, Myers's complaint asserted claims against 25 different Defendants, but did not adequately advise each Defendant of what they allegedly did or did not do that formed the basis of the Myers's claim against them, which is a basic requirement of

federal notice pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

However, rather than immediately dismissing the action, the Court entered an Order advising Myers of the federal pleading requirements, notifying him that his current complaint faced dismissal, but providing him with an opportunity to file an amended complaint. [R. 5.] The Court's Order thoroughly discussed the requirements of the Federal Rules and provided Myers with clear instructions regarding how to properly plead his claims (including directions to set forth his factual allegations and legal claims against each defendant in separate numbered paragraphs), even providing an example of a viable allegation using hypothetical facts. *Id*. Finally, the Court's Order notified Myers that this case would be dismissed with prejudice if he failed to follow the Court's instructions. *Id*.

Myers has now filed an amended complaint. [R. 8.] By prior Order, the Court granted Myers's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 14.] Thus, the Court must conduct a preliminary review of Myers's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. The Court evaluates Myers's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal

claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Upon review of Myers's amended complaint, it is clear that he failed to follow the Court's instructions regarding proper notice pleading. As before, his amended complaint appears to be based on allegations that he did not receive adequate medical care related to his teeth while he was incarcerated at the Campbell County Detention Center. [R. 8 at 2.] He also alleges that the "soft" diet that he was provided was not actually soft and refers to a bottle of prescription shampoo for which he claims that he was charged but did not receive. *Id*. at 4, 6.

However, also as before, while the basic events underlying Myers's claims do not appear to be particularly complex, Myers's complaint is exceedingly difficult to follow. For example, it is not entirely clear who, exactly, Myers intends to name as Defendants to his claims. While he appears to have reduced the number of individuals that he specifically lists as "Defendants" from 25 to either 14 or 15, [R. 8 at 1-3],[1] the "Statement of Claim" section of his complaint also appears to bring claims against multiple individuals who are not identified in the "Defendants" section of his complaint. *Id*. at 1-6. And many of his factual allegations are illegible, thus it is difficult, if not impossible, to ascertain what his claims are and the Defendants against whom they are made. Finally, Myers ignored the Court's clear instructions to "set forth his factual allegations and legal claims against each defendant in a separate numbered paragraph (which is also required by the Court-approved complaint form)" [R. 5 at 4], and instead pled his claims in a disjointed, disorganized fashion consisting of fragmented, run-on sentences.

---

[1] On page 3, Myers wrote the name "Michael W. Turner" in the margin next to the other named Defendants, but it is not clear whether Myers intended to identify Turner as a Defendant. [R. 8 at p. 3]

As the Court previously advised Myers, Rule 8 of the Federal Rules of Civil Procedure requires a pleading stating a claim for relief to contain "a short and plain statement of the claim" showing entitlement to relief, *see* Fed. R. Civ. P. 8(a)(2), as well as allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1). Moreover, at a minimum, a complaint must advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter*, 532 F.3d at 577. *See also Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) ("The district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue.") (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). "Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format." *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). While "[t]he federal pleading standard is quite liberal…there is still a standard to meet." *Kensu*, 5 F.4th at 653. Thus, "[p]ersistent or vexatious refusal to follow the rules," including the pleadings standards of Rule 8, "may warrant dismissal with prejudice." *Id*. (citation omitted).

The Court has the authority to dismiss a complaint if the plaintiff fails or refuses to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Id*.; *see also* Fed. R. Civ. P. 41(b); *Flayter v. Wis. Dep't of Corr.*, 16 Fed. App'x 507, 508-09 (7th Cir. 2001) (affirming dismissal of 116-page complaint pursuant to Rule 8(a)(2)); *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988). Here, the Court specifically advised Myers of

the requirements of Rule 8 and provided him with an opportunity to file an amended complaint that complies with the Federal Rules. [R. 5.] However, rather than take advantage of this opportunity, Myers has filed an amended complaint that suffers from the same deficiencies as his original complaint. He has done so at his own peril, as his amended complaint will be dismissed for failure to comply with the pleading requirements of the Federal Rules.

Myers has also filed a motion "to receive [the] proper documents in order to subpoena evidence." [R. 15.] However, because Myers's complaint will be dismissed, his motion will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1. Myers's amended complaint [R. 8] is **DISMISSED**;

2. Any pending request for relief, including Myers's "Motion for Proper Documents in Order to Subpoena Evidence" [R. 15] are **DENIED AS MOOT**;

3. The Court will enter an appropriate Judgment; and

4. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 31st day of July, 2023.

Gregory F. Van Tatenhove
United States District Judge